UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER QUICK,** *et. al.,*<br><br>Plaintiff,<br><br>v.<br><br>**TOWNSHIP OF BERNARDS,** *et. al.,*<br><br>Defendants. | Civil Action No. 17-5595 (MAS) (LHG)<br><br><br><u>**OPINION AND ORDER**</u> |

**THIS MATTER** comes before the Court by motion (the "Motion") brought by the Township of Bernards, Township of Bernards Township Committee, and Township of Bernards Planning Board (collectively, "Movants" or "Township Defendants") for a protective order to limit the scope of depositions under the deliberative process privilege. Movants filed a brief ("Moving Brief") in support of their motion. [Docket Entry No. 48]. Christopher Quick and Loretta Quick ("Plaintiffs") have opposed the Motion and filed a Brief in Opposition ("Opposition") on March 6, 2019. [Docket Entry No. 49]. On March 11, 2019, the Movants filed a Reply Brief in Support of the Motion ("Reply"). [Docket Entry No. 50].

The Court has considered the Motion on the submissions without oral argument, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Rule 78.1 of the Local Civil Rules. For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE.

I.  BACKGROUND

For purposes of this Order, the Court presumes the parties' familiarity with the procedural background of the case and therefore limits discussion to that necessary for an understanding of the issues.

1

A. Previous Litigation

This case is the byproduct of previous litigation involving the approval of an application submitted by the Islamic Society of Basking Ridge ("ISBR") for construction of a mosque in the Township. Complaint ¶ 21 [Docket Entry No. 1]. After thirty-nine public hearings where citizens were able to comment, the Township Defendants denied ISBR's application. *Id.* ¶¶ 22–24. On March 10, 2016, ISBR and Mohammed Ali Chaudry instituted litigation against the Township Defendants, *The Islamic Society of Basking Ridge and Mohammad Ali Chaudry v. Township of Bernards, et al,* Case No. 3:16-cv-01369 ("ISBR Litigation"), challenging the denial. *Id.* ¶¶ 1, 25. On May 23, 2017, the parties in the ISBR Litigation entered into a Settlement Agreement. *Id.* ¶ 26. On May 30, 2017, this Court entered an order "that incorporated the terms of the Settlement Agreement and that made the Settlement Agreement fully enforceable as an order of the Court" ("Settlement Agreement and Order"). *Id.* ¶ 27. Pursuant to the Settlement Agreement and Order, ISBR agreed to submit a Site Plan and the Planning Board was required to hold a public hearing to approve the Site Plan ("Special Meeting"). *Id.* ¶ 28–30. Ten days before the Special Meeting, ISBR was required to send notice to Interested Parties, defined as any owner "of real property within 200 feet in all directions of the proposed mosque site." *Id.* ¶ 34.

B. Current Litigation

Plaintiffs are both Interested Parties. *Id.* ¶¶ 35-36. Plaintiffs filed their Original Complaint on July 31, 2017, requesting entry of a preliminary injunction to enjoin the Special Meeting. *Id.* ¶¶ 41-42. Plaintiffs allege that the terms of the Settlement Agreement and Order barred them from "making any commentary regarding Islam or Muslim" at the Special Meeting." *Id.* ¶¶ 11–12. On August 8, 2017, this Court held a hearing on Plaintiffs' preliminary injunction application and subsequently denied the request; the Special Meeting was then held as scheduled. Memorandum

Opinion at 13 [Docket Entry No. 28]. After the denial, Plaintiffs appealed this Court's decision to the Third Circuit Court of Appeals where the appeal was dismissed as moot. [Docket Entry No. 33].

On August 22, 2017, Plaintiffs filed an Amended Complaint bringing claims against Movants pursuant to the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Amended Complaint ¶ 1 [Docket Entry No. 17]. Plaintiffs allege that the Settlement Agreement is unconstitutional because it: (i) "suppresses speech based on its content and viewpoint;" (ii) "constitutes a prior restraint on protected speech;" (iii) "deprives Plaintiffs of procedural due process;" (iv) "violates the First Amendment's Establishment Clause by preferring Islam over other religions;" and (v) "violates the First Amendment's Petition Clause." *Id.* Specifically, Plaintiffs contend that although Interested Parties could "provide sworn comments and cross-examine witnesses regarding the Site Plan," the Settlement Agreement and Order prohibited "commentary regarding Islam or Muslims." *Id.* ¶¶ 38-39. Because of this restriction, Plaintiffs argue that Movants unconstitutionally "censored Plaintiffs' speech due to its content and viewpoints and thereby placed unconstitutional restrictions on Plaintiffs' First Amendment freedoms." *Id.* ¶ 43.

After Plaintiffs filed their Amended Complaint, Movants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 24]. On April 30, 2018, this Court denied the Motion to Dismiss, and an Initial Pretrial Conference was held on August 22, 2018. [Docket Entry No. 28]. The parties then commenced discovery.

On January 15, 2019, Plaintiffs transmitted an email to Movants explaining the scope of testimony sought in upcoming depositions. Moving Brief Ex. B, at 1–2. Plaintiffs identified their intent to depose Movants on the following issues:

(1) The circumstances surrounding the approval, implementation, and enforcement of 'Settlement Agreement' entered into in another lawsuit, *The Islamic Society of Basking Ridge and Mohammed Ali Chaudry v. Bernards et al.*, Case No. 3:16-cv-01369-MAS-LHG (D.N.J.); (2) The procurement of a federal court order enforcing the Settlement Agreement; and (3) The circumstances surrounding the approval, implementation, and enforcement of the provision of the Settlement Agreement prohibiting any commentary regarding Islam or Muslims at a public hearing that was specially set to consider the construction of a mosque in Bernards Township, New Jersey.

*Id.* After receiving notice of the intended depositions, Movants objected to testifying and the parties were unable to reach an agreement on the scope of the deposition questions. *Id.* at 4.

The issue currently before the Court was first raised by Movants in a letter addressed to this Court on January 16, 2019. [Docket Entry No. 44]. Specifically, Movants informed the Court of a discovery dispute related to whether the Township representatives had to appear for depositions because of privilege issues. *Id.* In response to this letter, a telephone conference was conducted on January 30, 2019, and the Court ordered that if the privilege issues raised by counsel could not be resolved, the parties were to file motions addressing those issues. [Docket Entry No. 47]. This Motion followed.

II. ARGUMENTS OF THE PARTIES

Movants seek to prevent Plaintiffs from taking Rule 30(b)(6) depositions of Township representatives because "the intended scope of questioning covers topics which those witness cannot be compelled to provide testimony about." Moving Brief at 2. The Moving Brief alleges that the information sought either falls within the attorney-client privilege, attorney-client work product protections, or deliberative process privilege.[1] *Id.*

---

[1] In their Preliminary Statement, the Movants claim attorney-client privilege and attorney-client work product protection, but do not include legal arguments or factual support for these claims. Moving Brief at 2. Because of this, the Court will address only the argument for deliberative process privilege, which is briefed at length.

Movants argue that a protective order should be issued to limit the scope of questions during depositions because the testimony is protected by the deliberative process privilege. Moving Brief at 4. Movants rely on *United States v. Morgan* and New Jersey state court cases to argue that Plaintiffs "are seeking to question the witnesses regarding their mental deliberative process associated with the negotiation, approval and implementation of the settlement agreement at the center of this dispute." *Id.* at 6. For these reasons, Movants contend that the Court should issue a protective order to prevent this line of questioning during depositions. *Id.* (citing *Catalpa Inv. Group Inc. v. Franklin Tp. Zoning Bd. of Adjustment*, 254 N.J. Super. 270, 274 (Law Div. 1991); *New Jersey Sports and Exposition Authority v. McCrane*, 119 N.J. 457, 470 (1971); *New Jersey Turnpike Authority v. Sisselman*, 106 N.J. Super. 358 (App. Div. 1969); *United States v. Morgan*, 313 U.S. 409 (1941)).

Plaintiffs claim that Movants have failed to establish that good cause exists for issuance of a protective order. Opposition at 8. Plaintiffs explain that the burden to establish good cause is on Movants and assert that Movants have failed to offer evidence to support their application and have ignored Third Circuit case law. *Id.* Further, Plaintiffs argue that Movants have failed to demonstrate the applicability of the deliberative process privilege, and thus have failed to satisfy their burden of showing that the deliberative process privilege applies to this case. *Id.* at 9 (citing *Redland Soccer Club v. Dep't of Army*, 55 F.3d 827, 854 (3rd Cir. 1995)).

In support, Plaintiffs contend that the deliberative process privilege generally applies to documents and accordingly "cannot be invoked to prevent discovery of factual information." *Id.* at 8–9. Even if the deliberative process privilege does apply to depositions, Plaintiffs maintain that Movants "have failed to establish that the information [Movants] seek is both (1) pre-decisional, and (2) deliberative." *Id.* at 10 (citing *Reid v. Cumberland County*, 34 F. Supp. 3d 396,

5

406 (D.N.J. 2013)). Because of this, Plaintiffs argue the scope of the deposition questions is "clearly not covered by the deliberative process privilege." *Id.* at 11.

In addition to the inapplicability of the deliberative process privilege, Plaintiffs argue that Movants' reliance on the mental process privilege is unfounded because Movants have only provided bare conclusions that the scope of deposition topics will be privileged. *Id.* at 12 (citing *Redland Soccer Club,* 55 F.3d at 854). Further, Plaintiffs claim that Movants' reliance on *United States v. Morgan* is misplaced because Movants "have failed to demonstrate the Township officials and employees that Plaintiffs seek to depose engaged in proceedings resembling a judicial proceeding such that they could assert mental process privilege." *Id.* at 13.

Finally, Plaintiffs argue that even if the deliberative process privilege could apply, the privilege can be overcome under the facts of this case. *Id.* Because the privilege is not absolute, Plaintiffs claim they are entitled to depose Movants about their alleged First Amendment violations. *Id.* at 14–15. Applying the factors used to balance the parties' interests when considering a protective order under the deliberative process privilege, Plaintiffs contend that all five factors weigh in favor of denying the Motion. *Id.* at 15–16 (citing *Redland Soccer Club,* 55 F.3d at 854). Specifically, Plaintiffs' reason that the information sought in the depositions is relevant to constitutional claims against government officials, that additional discovery is necessary, and that there is no evidence the government employees will be adversely affected by being deposed. *Id.* On these bases, the Plaintiffs ask the Court to deny the Motion. *Id.* at 17.

On reply, Movants respond that Plaintiffs' email "unequivocally conveyed that the Plaintiffs intended to question the R. 30(b)(6) witnesses about their pre-decisional mental processes related to the negotiation and approval of the settlement agreement that Bernards Township entered into with the Islamic Society of Basking Ridge." Reply at 2. Movants claim

that the depositions seek predecisional information, and that Plaintiffs reframed the scope of the depositions in their brief to focus on the issue of the suppression of Plaintiffs' speech. *Id.* at 3–4. Movants explain that they would not object to questioning that does not "delve into the witnesses mental and deliberative process," but are uncertain of what non-privileged information could be sought in depositions because the actions relevant to Plaintiffs' claim occurred in public meetings and are a part of the public record. *Id.* at 4. Movants explain they "are seeking to prevent disclosure of pre-decisional deliberative information," not factual information or discussions that occurred after the vote to approve the settlement agreement. *Id.* at 5.

Movants apply the five-factor test presented in the Opposition and argue that all five factors support their Motion. *Id.* at 6-7. For these reasons, the Movants ask the court for a protective order to preclude Plaintiffs from seeking predecisional information. *Id.* at 7.

III. LEGAL STANDARD

The deliberative process privilege is the most frequently invoked form of executive privilege. *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). The purpose of the privilege is to protect the quality of government decision making by "prevent[ing] injury to the quality of agency decisions which could result from premature or indiscriminate disclosure" of "deliberations comprising part of a process by which government decisions and policies are formulated." *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749, 751 (E.D. Pa. 1983); *see also National Labor Relations Board v. Sears, Roebuck & Co. ("NLRB")*, 421 U.S. 132, 150 (1975); *Conoco Inc. v. United States Dep't of Justice*, 687 F.2d 724, 727 (3d Cir. 1982). The privilege recognizes "that were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer." *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994) (quotations and internal ellipses omitted).

That said, "the deliberative process privilege, like other executive privileges, should be narrowly construed." *Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 856 (3d Cir. 1995) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)). Because the privilege does not protect all communications made by government officials, the court must initially determine whether the material the government seeks to protect comprises part of a process by which a government agency formed a decision or policy. *NLRB*, 421 U.S. at 150. The Court must perform a two-step process: first, determine whether the communications are in fact privileged and second, balance the parties' interests. *Redland*, 55 F.3d at 854. The initial burden of establishing whether the privilege applies is on the party asserting the privilege. *Id.*

In order to establish the first prong of the test, the moving party must first satisfy the following three procedural requirements: (1) the head of the department which has control over the matter must make a formal claim of privilege after actually considering the matter; (2) the responsible agency official must provide precise and certain reasons for asserting the privilege over the government information or documents at issue; and (3) the government information sought to be shielded from disclosure must be identified and described. *United States v. Ernstoff*, 183 F.R.D. 148, 152 (D.N.J. 1998); *see also Yang v. Reno* 157 F.R.D. 625, 632 (M.D. Pa 1994) ("The requirement that the privilege be asserted solely by the head of a department or agency . . . is not merely technical. Rather, it is intended to ensure that the privilege is invoked by an informed executive official of sufficient authority and responsibility to warrant the court relying on his or her judgment.").

After the procedural requirements are met, the court must determine whether the government has established a *prima facie* case that the deliberative process privilege applies. *Id.*

To do so, the government must initially show that the material sought to be protected is predecisional and deliberative. *Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 183 (3d Cir. 2007). In order to be predecisional, the document in question "must concern an anticipated agency decision and have been generated prior to the actual decision being reached; it cannot involve a communication concerning the decision made after the decision has already been adopted." *United States v. Pechiney Plastics Packaging, Inc.*, Civ. No. 09-5692, 2013 WL 1163514, at *13 (D.N.J. March 19, 2013). Further, to be deliberative, a document must reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB*, 421 U.S. at 151-52. In other words, the material must "reflect[] the give and take of the consultative process." *New Jersey v. RPI Energy Mid-Atlantic Power Holdings, LLC,* Civ. No. 07-5298, 2013 WL 272763, at *1 (E.D. Pa. Jan. 24, 2013) (citing *Rizzo,* 97 F.R.D. at 753). This privilege protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual. *NLRB,* 421 U.S. 132, 150. In addition, to the extent that the documents or testimony reflect "personal opinions of the writer rather than the policy of the agency," such documents or testimony are protected by the privilege since disclosure "would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Once the government satisfies these threshold requirements, the deliberative process privilege is applicable. The court's inquiry, however, does not end there because the privilege is not absolute. *Redland*, 55 F.3d at 854. Instead, once the agency demonstrates that the privilege applies, the party seeking discovery has the opportunity to make a showing of sufficient need for

the otherwise privileged material. *Rizzo*, 97 F.R.D. at 753. In that regard, the court must balance the need for the documents or testimony against the reasons for confidentiality asserted by the government. In conducting this balancing test, a court should consider: (1) the relevance of the evidence sought; (2) the availability of other evidence; (3) the seriousness of the litigation and issues involved; (4) the role of the government in the litigation; and (5) the potential for inhibited candor by government employees resulting from such disclosure. *Redland*, 55 F.3d at 854.

IV. ANALYSIS

As set forth above, there is a three-step procedural process the court must consider before actually addressing the substance of the application. *See Ernstoff*, 183 F.R.D. at 152. The case law is clear: Movants bear the burden of showing that the three-step procedural test has been met. The undersigned finds that Movants have failed to do so. The actual head of the Township must assert the claim after considering the matter, followed by "precise and certain reasons" for asserting it. *Id.* Here, Movants rely upon a brief only. There is no indication that the actual Township head has considered the matter. Moving Brief at 1. The only certification filed in support is from an attorney and contains no substance whatsoever. [Docket Entry No. 48-2]. Movants' reliance on Plaintiffs' email regarding the scope of deposition questions is insufficient to meet the requirement that the testimony sought to be shielded be identified and described. Moving Brief at 1–2. Without meeting this threshold requirement, the application must fail.

Because Movants have failed to meet the procedural requirements, the Court need go no further with its analysis. Indeed, any further analysis would be difficult if not impossible without a clearer indication from Movants as to the information it seeks to protect and why it believes that information worthy of protection. Vague generalizations of counsel do not give the Court the basis it needs to conduct the balancing test required by the Third Circuit. The Motion is

therefore denied without prejudice.

As a separate but related issue, Plaintiffs argue that this privilege does not apply to testimony at all, much less at a Rule 30(b)(6) deposition, but really only protects documents. Opposition 9–10 (citing *Moore v. United States Dep't of the Treasury*, Civ. 04-4368, 2007 U.S. Dist. LEXIS 34957, at *21–22 (D.N.J. May 14, 2007) ("[T]he Court is not certain whether this privilege applies to testimony at a Rule 30(b)(6) deposition, rather than to documents."). In *Moore*, despite expressing uncertainty, the court nonetheless considered whether the privilege should apply in the context presented, I.E., a deposition. This is consistent with other courts within this Circuit. *See e.g., Startzell v. City of Philadelphia*, 2006 WL 2945226, *2 (E.D. Pa. October 13, 2006), and cases cited therein. The undersigned finds that if the privilege applies to the thought process at issue, that process should be protected, regardless of whether it is expressed at a deposition or in a document.

The topics of Movants' proposed depositions are certainly very broad and could be construed as encompassing the deliberative process. Without further information, the Court cannot fully evaluate the request. The Court therefore finds it appropriate to give Movants the opportunity to make further submissions if they so choose, in conformance with the standard set in *Ernstoff*.

Movants may supplement the record to meet the three-step procedural test defined in *Redland* within twenty days of entry of this Order. If they do, Plaintiffs may respond within ten days thereafter. If Movants do not make any further submissions within twenty days, the depositions are to be scheduled.

During that twenty-day period, counsel are directed to confer with regard to the anticipated scope of the depositions, given Movants' indication in their Reply that they do not

object to the scope as framed in Plaintiffs' Opposition. If the parties are able to resolve this issue without submitting supplemental material, they are to notify the Court.

V. CONCLUSION

For the foregoing reasons, and for good cause shown, the Motion for a Protective Order [Docket Entry No. 48] is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS** on this **29** day of **July, 2019**

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**