## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER AND LORETTA QUICK,** *et al.*, | Civil Action No. 17-5595 (MAS)(LHG) |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR PROTECTIVE ORDER** |
| **TOWNSHIP OF BERNARDS,** *et al.*, | |
| Defendants. | |

**THIS MATTER** comes before the Court by Motion (the "Motion") brought by the Township of Bernards, Township of Bernards Township Committee, and Township of Bernards Planning Board (collectively, "Movants" or "Township Defendants") for a protective order to limit the scope of certain depositions. Movants filed a brief ("Moving Brief") in support of their motion. [Docket Entry No. 52]. Christopher Quick and Loretta Quick ("Plaintiffs") have opposed the Motion and filed a Brief in Opposition ("Opposition"). [Docket Entry No. 53]. Movants filed an informal letter brief in further support of the Motion ("Reply"). [Docket Entry No. 54].

The Court has considered the Motion on the submissions without oral argument, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Rule 78.1 of the Local Civil Rules. For the reasons set forth below, the Motion is DENIED.

I.     BACKGROUND

The Court incorporates by reference the background set forth in its prior Opinion and Order issued July 29, 2019 (the "Prior Order"). [Docket Entry No. 51]. In that Order, the Court held that the Township Defendants had failed to satisfy the initial three-step procedural test for asserting a deliberative process privilege. *See* Prior Order at 10. For that reason, Court denied the motion without prejudice, and granted leave to Township Defendants to supplement the record and renew

their motion.  *Id.*

In the present Motion, Township Defendants renew their previous request for the Court to limit the scope of depositions that have been noticed of Township Committee members and Planning Board members.  In support of their request, Township Defendants again assert the deliberative process privilege.

## II.  ARGUMENTS OF THE PARTIES

Township Defendants seek an Order prohibiting certain questions during depositions of Township representatives under Rule 30(b)(6) because "the intended scope of questioning covers topics which those witness[es] cannot be compelled to provide testimony about."  Moving Brief at 2.[1]  The Moving Brief alleges that the information sought either falls within the attorney-client privilege, attorney work product protection, or deliberative process privilege.  *Id.*  At points in their Moving Brief, Township Defendants mention attorney-client privilege, attorney work product protection, and mental process immunity but they do not include legal arguments, case law, or factual support for these claims.  For example, they assert in passing that "[a]ll of the Defendants' actions are part of the public record, and those that aren't are protected by the attorney client privilege, attorney work product doctrine, or the public officials' mental process immunity."  Moving Brief at 8.  The Court addresses only the argument for deliberative process privilege, which is briefed at length, and the attorney-client privilege, which is argued briefly on reply.

Township Defendants argue that a protective order should be issued to limit the scope of questions during the depositions to avoid intruding on subject matter protected by the deliberative

---

[1] For clarity, the Court cites to the parties' briefs by their internal pagination rather than the numbering imposed by the district's CM/ECF system.

process privilege.[2]  Moving Brief at 4.  They now rely on *Redland Soccer Club, Inc. v. Dept. of the Army*, 55 F.3d 827 (3d Cir. 1995) and *United States v. Ernstoff*, 183 F.R.D. 148 (D.N.J. 1998) to argue that the communications about which Plaintiffs seek to question Township witnesses are "clearly part of a process by which the government bodies formed a decision and thus are protected under the deliberative process privilege." *Id*. at 5.  Movants acknowledge their obligation to meet the two prongs required under *Redland Soccer* in order to successfully assert the deliberative process privilege.

The first prong requires them to show that the information sought is in fact privileged.  *Id*. They recognize this entails meeting the three procedural requirements described in *Ernstoff*.  *Id*. Movants argue that they have met the first procedural requirement—a formal claim of privilege by the head of the department—insofar as they have attached affidavits from Carol Bianchi, Mayor of Bernards Township, and Kathleen Piedici, Planning Board Chairwoman ("Bianchi Affidavit" and "Piedici Affidavit," respectively).  [Docket Entry Nos. 52-6, 52-7].

They contend that their Motion meets the second requirement—precise and certain reasons for asserting the privilege—because their affidavits attest "that the discussions relative to the settlement agreement were made in confidence with their attorneys and communicated to the ISBR to facilitate settlement."  Moving Brief at 6.  In relevant part, Bianchi and Piedici each state that they "along with the Planning Board and Township Committee considered the matter and determined there was support for settlement of the ISBR litigation.  Discussion regarding the terms of the settlement agreement were held during closed executive sessions and were conducted with

---

[2] In their briefing, Township Defendants take the position that their officials should not have to appear for the depositions at all.   Brief at 2, 14; Reply at 2.  This is at odds with the proposed Order submitted with their Moving Brief that seeks only "to limit [the] scope of depositions" to preclude questions "about the mental processes related to the creation, approval and implementation of the settlement agreement resolving the litigation by and between the Township and the ISBR."  [Docket Entry No. 52-1 at 1].

the assistance of counsel." Bianchi Affidavit ¶4; Piedici Affidavit ¶4. Movants also argue in their brief that disclosing these discussions "would have a chilling effect on all future efforts to settle matters between governments and parties who sue the government." Moving Brief at 6.

With respect to the third requirement—identification and description of the government information sought to be shielded—Movants say they meet their burden because their affidavits "described the information sought to be shielded as discussions that occurred prior to entering into an agreement to resolve litigation with the ISBR." *Id.*

Satisfied that they meet the first prong to assert the deliberative process privilege, Township Defendants proceed to the second one: making a *prima facie* showing that the information they are seeking to protect is both predecisional and deliberative. *Id.* at 6. They assert that communications made in furtherance of a settlement agreement are predecisional because they occurred before the Township Defendants entered into the settlement agreement resolving the preceding litigation. *Id.* at 7. They argue that the information is deliberative because the deposition topics sought are "regarding [the officials'] mental deliberative process associated with the negotiation, approval and implementation of the settlement agreement at the center of this dispute." *Id.* (citing email from Plaintiffs' counsel that identified topics for Rule 30(b)(6) depositions).

Finally, Township Defendants recognize that the deliberative process privilege is not absolute, but they insist that under the circumstances, Plaintiffs have not made a sufficient showing to overcome it. *Id.* at 8–10 (arguing that the proper five-factor balancing analysis weighs in Movants' favor).

Plaintiffs disagree. As an initial matter, they dispute the adequacy of the Bianchi and Piedici Affidavits and their capacity to meet the procedural requirements for asserting the deliberative process privilege. First, it is not clear that either Bianchi or Piedici satisfy the head-

of-department requirement, given that they were only members of the Township Committee at the time of the underlying actions. Opposition at 4–5. It is similarly unclear whether their later-elevated positions permit them to retroactively assert the privilege. *Id*. Plaintiffs also contend that the affidavits themselves fail in two respects. *Id*. at 5. First, they fail to provide the precise and certain reasons for asserting the privilege. *Id*. Second, they fail to identify and describe with sufficient detail the specific government information to be protected. *Id*. Plaintiffs argue these procedural defects alone are fatal to the Motion. *Id*. Plaintiffs continue by arguing that the Township Defendants have not demonstrated their privilege interest outweighs Plaintiffs' need for information they seek. *Id*. at 5–6.

On reply, Township Defendants maintain that the Bianchi and Piedici Affidavits are adequate because they were submitted by the heads of the governmental bodies that have control over the matter. Reply at 2. In response to Plaintiffs' doubt as to the adequacy of the affiants' titles, Movants criticize Plaintiffs for failing to provide case law requiring them to have been either the Mayor or the Chairwoman at the time. Reply at 3.

Movants next maintain that the affidavits make a formal claim of the deliberative process privilege and that the affiants have actually considered the matter. *Id*. They contend that the affidavits provide precise and certain reasons for asserting the privilege: the discussions pertaining to the settlement agreement were made in confidence with their attorneys and communicated to ISBR to facilitate settlement. *Id*. at 2–3 (citing affidavits). Finally, Movants identify the information they seek to protect under the privilege as "discussions made in confidence during executive decisions which were communicated to counsel." *Id*. at 3. They accuse Plaintiffs of ignoring the fact that this information is the product of privileged communications with counsel during an executive session and so should be protected. *Id*. Township Defendants maintain that the applicable five factors all weigh in favor of their Motion. *Id*. at 3–7. Accordingly, they contend

the Court should issue a protective order.

For the first time on reply, Township Defendants separately present an argument asserting the attorney-client privilege. They claim that the communications Plaintiffs are seeking "are all related to legal advice, with counsel specifically retained to represent it, to enter into settlement with the ISBR, [therefore] the privilege must be applied to everything that occurred in executive sessions." *Id*. at 8.

## III.    LEGAL STANDARD

The deliberative process privilege is the most frequently invoked form of executive privilege. *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). The purpose of the privilege is to protect the quality of government decision making by "prevent[ing] injury to the quality of agency decisions which could result from premature or indiscriminate disclosure" of "deliberations comprising part of a process by which government decisions and policies are formulated." *Resident Advisory Board v. Rizzo*, 97 F.R.D. 749, 751 (E.D. Pa. 1983); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *Conoco Inc. v. United States Dep't of Justice*, 687 F.2d 724, 727 (3d Cir. 1982). The privilege recognizes "that were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer." *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994) (quotations and internal ellipses omitted).

The standard is a strict one: "the deliberative process privilege, like other executive privileges, should be narrowly construed." *Redland Soccer*, 55 F.3d at 856 (quoting *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)). Because the privilege does not protect all communications made by government officials, a court must initially determine whether the material the government seeks to protect comprises part of a process by which a government agency formed a decision or policy. *NLRB*, 421 U.S. at 150. The court must perform

a two-step process: first, determine whether the communications are in fact privileged and second, balance the parties' interests. *Redland Soccer*, 55 F.3d at 854. The initial burden of establishing whether the privilege applies is on the party asserting the privilege. *Id.*

In order to establish the first prong of the test, the moving party must first satisfy the following three procedural requirements: (1) the head of the department which has control over the matter must make a formal claim of privilege after actually considering the matter; (2) the responsible agency official must provide precise and certain reasons for asserting the privilege over the government information or documents at issue; and (3) the government information sought to be shielded from disclosure must be identified and described. *Ernstoff*, 183 F.R.D. at 152; *see also Yang v. Reno*, 157 F.R.D. 625, 632 (M.D. Pa 1994) ("The requirement that the privilege be asserted solely by the head of a department or agency . . . is not merely technical. Rather, it is intended to ensure that the privilege is invoked by an informed executive official of sufficient authority and responsibility to warrant the court relying on his or her judgment.").

After the procedural requirements are met, the court must determine whether the government has established a *prima facie* case that the deliberative process privilege applies. *Id.* To do so, the government must initially show that the material sought to be protected is predecisional and deliberative. *Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 183 (3d Cir. 2007). In order to be predecisional, the document in question "must concern an anticipated agency decision and have been generated prior to the actual decision being reached; it cannot involve a communication concerning the decision made after the decision has already been adopted." *United States v. Pechiney Plastics Packaging, Inc.*, Civ. No. 09-5692, 2013 WL 1163514, at *13 (D.N.J. March 19, 2013). Further, to be deliberative, a document must reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB*, 421 U.S. at 151–52. In other words,

the material must "reflect[] the give and take of the consultative process." *New Jersey v. RPI Energy Mid-Atlantic Power Holdings, LLC,* Civ. No. 07-5298, 2013 WL 272763, at *1 (E.D. Pa. Jan. 24, 2013) (citing *Rizzo,* 97 F.R.D. at 753). This privilege protects internal communications of a governmental agency when they are deliberative in nature, but not when they are purely factual. *NLRB,* 421 U.S. at 150. In addition, to the extent that the documents or testimony reflect "personal opinions of the writer rather than the policy of the agency," such documents or testimony are protected by the privilege since disclosure "would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position." *Coastal States,* 617 F.2d at 866.

Once the government satisfies these threshold requirements, the deliberative process privilege is applicable. The court's inquiry, however, does not end there because the privilege is not absolute. *Redland*, 55 F.3d at 854. Instead, once the agency demonstrates that the privilege applies, the party seeking discovery has the opportunity to make a showing of sufficient need for the otherwise privileged material. *Rizzo*, 97 F.R.D. at 753. In that regard, the court must balance the need for the documents or testimony against the reasons for confidentiality asserted by the government. In conducting this balancing test, a court should consider: (1) the relevance of the evidence sought; (2) the availability of other evidence; (3) the seriousness of the litigation and issues involved; (4) the role of the government in the litigation; and (5) the potential for inhibited candor by government employees resulting from such disclosure. *Redland*, 55 F.3d at 854.

IV.    ANALYSIS

As noted above, there is a three-step procedural process that a court must consider before actually addressing the substance of the application. *See Ernstoff*, 183 F.R.D. at 152. Movants bear the burden of showing that the three-step procedural test has been met. The undersigned finds that on this second attempt, Movants have again failed to meet their burden.

With respect to the first step, as the Court explained in the Prior Order, the head of the Township must assert the deliberative process privilege claim. On this Motion, Movants have supplied affidavits from the current Township mayor and the Chair of the Planning Board. Plaintiffs dispute whether the affiants meet the Township head requirement because they were not the head of the Township at the time of the incidents in question and they are instead attempting to make a retroactive privilege claim. Plaintiffs provide no case law in support of their position. Movants dispute the argument but provide no authority in response.

Left on its own, the Court resorts to a close reading of the applicable case law together with its common sense. One of the Supreme Court's seminal decisions with respect to deliberative process privilege is *United States v. Reynolds*, and it uses the present tense: "[t]here must be formal claim of privilege, lodged by the head of the department which *has* control over the matter, after actual personal consideration by that officer." *United States v. Reynolds*, 341 U.S. 1, 8 (1953) (emphasis added). Courts since have continued to apply the present tense of the Supreme Court's language. On its face at least, this places the obligation to assert the privilege upon the department, and head thereof, that is responsible for the information as of the time the privilege is asserted, rather than the department, or its head, that was responsible back when the information was generated. This is consistent with common sense in at least two respects. First, the entity with a present interest in protecting its information is the one best situated, and best motivated, to assert the privilege. It's also the one with the standing to do so. Second, reason dictates that the deliberative process privilege is not a personal privilege owned by a department head after he or she has vacated that office, but is instead the privilege of a department itself, through which its current head speaks. Accordingly, because the affiants are the Township Mayor and Chair of the Planning Board, empowered to speak on behalf of the Township as of the date of the preparation of their affidavits, the Court finds that they meet the "head of department" requirement.

It is at the second procedural step that the Township Defendants falter. The responsible agency official needs to provide "precise and certain reasons for asserting the privilege over the government information or documents at issue." The Bianchi and Piedici Affidavits are fatally deficient in this regard. As set forth above, they assert only that the discussions with respect to the settlement agreement were held during closed executive sessions and were conducted with the assistance of counsel. They repeat that the settlement agreement was entered into after advice of counsel. In essence, the only "precise and certain reason" provided in the affidavits for asserting the deliberative process privilege is that the Township is entitled to the protection of the attorney-client privilege. This cannot suffice, because "while there may be some overlap between these privileges, each privilege protects a different interest and requires different essential elements." *Judicial Watch, Inc. v United States Department of Housing and Urban Development*, 20 F. Supp. 3d 247, 256 (D.D.C. 2014) (distinguishing deliberative process privilege from attorney work product and attorney-client privilege); *see also Mead Data Central, Inc. v. United States Dept of Air Force*, 556 F.2d 242, 254 n.28 (D.C. Cir. 1977) ("the attorney-client privilege permits nondisclosure of an attorney's opinion or advice in order to protect the secrecy of the underlying facts, while the deliberative process privilege directly protects advice and opinions and does not permit the nondisclosure of underlying facts unless they would indirectly reveal the advice, opinions, and evaluations circulated within the agency as part of its decision-making process."); *Murphy v. Tennessee Valley Authority*, 571 F. Supp. 502, 506 (D.D.C. 1983) ("The focus of the two privileges differs . . . while the deliberative process exemption applies mainly to the exchange of *opinions,* and certain facts which are particularly intertwined or revealing, the attorney-client privilege applies primarily to facts divulged by client to attorney, but . . . also includes opinions from attorney to client based on those facts.") (emphasis in original).

Township Defendants' briefing offers only a morsel more in the way of reasons for

protecting their representatives from deposition on the topics sought. They argue that "[d]isclosure of such material would have a chilling effect on all future efforts to settle matters between governments and parties who sue the government." Moving Brief at 6. Given the strict procedural standard required under *Redland Soccer* and *Ernstoff*, the Court does not need to consider whether this arguably overbroad generalization is sufficient, because it was presented by way of attorney argument rather than certified in either of the affidavits as required by the Third Circuit. As a result the Court finds that the Township Defendants have not met this threshold requirement, and the application for a protective order based on the deliberative process privilege must fail. Insofar as the Motion has not met the procedural requirements, the Court does not proceed further with the analysis for the deliberative process privilege.

In belated fashion, Township Defendants also attempt to argue for the first time on reply that the information Plaintiffs seek is protected by the attorney-client privilege. Procedural defects abound here as well. First, the current motion is a discovery motion within the meaning of Local Civil Rules 7.1(d)(3) and 37.1(b)(3). Both of these Rules prohibit the filing of a reply without leave of Court. Here, none was sought or given. Second, because this argument was presented for the first time on reply, thus depriving Plaintiffs of the opportunity to respond, it is not properly before the Court. *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015). In any event, the applicability of the attorney-client privilege is so fact sensitive that the Court cannot properly assess the propriety of the asserted privilege without more information as to the circumstances surrounding the communication and the particular deposition question being asked of a witness.

For all of these reasons, the Court finds that the Township Defendants' assertion of the attorney-client privilege cannot suffice to prevent the depositions sought or narrow their subject matter in advance. The depositions should be scheduled to take place as soon as practicable. This does not mean, however, that counsel representing the witnesses may not assert an attorney-client

privilege or attorney work product objection to a specific question. Rather, it means that there shall be no wholesale objection that would prevent the depositions from taking place or prevent the witnesses from answering questions that are not the subject of specific privilege objections. It also means that if instructed not to answer a question based on privilege, the witness should nonetheless be prepared to answer properly posed questions intended to confirm the existence of the privilege, *i.e.*, with regard to who was present at the time of the communication or the general subject matter of what was discussed. The parties are cautioned that anyone asserting an attorney-client privilege or attorney work product objection must be prepared to substantiate that objection.

V.       CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this **19th** day of **March, 2020**

**ORDERED** that the Motion for a Protective Order [Docket Entry No. 52] is hereby **DENIED**; and it is further

**ORDERED** that the parties shall schedule the depositions in question and shall notify the Court as to when they are to take place.


**LOIS H. GOODMAN**
**United States Magistrate Judge**